IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


METROPOLITAN PROPERTY AND
CASUALTY COMPANY                                                             PLAINTIFF

V.                                                                    1:10CV224-SA-JAD

ESTATE OF INDIA WILLIAMS, ET AL.                                         DEFENDANTS


**OPINION AND ORDER**

Before the Court is Plaintiff Metropolitan Property and Casualty Company and Defendant Mildred Rollins' Joint Motion For Final Judgment as to Mildred Rollins [13]. Also before the Court is Defendant Estate of India Williams' Motion to Set Aside Default and Corrected Default [33]. After reviewing the motions, rules, and authorities, the Court finds as follows:

**I. BACKGROUND**

This case arises out of a fire that occurred on December 28, 2009, at the Academy Crossing Apartments in Starkville, Mississippi. Nine individuals died during the fire. The estates of the nine deceased and the owner of the apartment complex as of the date of the fire, Mildred Rollins, are all Defendants in this action. Plaintiff asserts that a suit has been filed in the Circuit Court of Oktibbeha County, Mississippi, on behalf of the wrongful death beneficiaries against Defendant Mildred Rollins ("Defendant Rollins"), as the owner of the Academy Crossing Apartments. The circuit court complaint alleges that the fire was caused by defective electrical wiring which caused a malfunction in the electrical units and

1

equipment in the apartments. The circuit court complaint also alleges that the apartments had no functioning smoke detectors, fire alarms, or fire extinguishers.

From May 26, 2009 through May 26, 2010, Defendant Rollins had in effect a homeowner's insurance policy with the Plaintiff. Plaintiff initiated this action for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 on September 15, 2010, asserting that Defendant Rollins is entitled to neither defense nor indemnity under the insurance policy because all potential claims that could be asserted against Defendant Rollins arising out of the fire that occurred at the Academy Crossing Apartments are excluded from coverage.

## II. ANALYSIS AND DISCUSSION

A. Entry of Default

In January 2011, default was entered as to the following Defendants in this action: Estate of Castella Maria Bell, Estate of India Williams, Estate of Jacorian Vasser, Estate of Richard Vassser, Estate of Samiya Bell, and Mildred Rollins. The Estate of India Williams ("the Estate") has now made a motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c).

Rule 55(a) of the Federal Rules of Civil Procedure provides as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

FED. R. CIV. P. 55(a). The entry of a default judgment is committed to the sound discretion of the district court. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Ganther v.

Ingle, 75 F.3d 207, 212 (5th Cir. 1996). In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir. 1989). In cases where default has been entered, the Court may set aside the entry of default on a showing of good cause, see FED. R. CIV. P. 55(c), with good cause being mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud, see Whitman v. United States Lines, Inc., 88 F.R.D. 528, 530 (E.D. Tex. 1980).

Here, the entry of default was entered against the Estate on January 26, 2011, stating that that the Estate failed to plead or otherwise defend as provided by the Federal Rules. The Court finds that this default was improvidently entered. On December 3, 2010, the Estate filed its Answer and Affirmative Defenses [7] in this matter. As such, good cause exists to set aside the entry of default against the Estate pursuant to Federal Rule 55(c). Accordingly, the Estate's Motion is granted.

B.  Joint Motion for Final Judgment

On January 18, 2011, Plaintiff and Defendant Rollins filed a joint motion for final judgment as to Defendant Rollins. This joint motion asserts that "Rollins admits, as is alleged in the Complaint for Declaratory Judgment, that she is not entitled to defense or indemnity under the Subject Policy because all potential claims that could be asserted against Ms. Rollins arising out of the fire that occurred at the Academy Crossing Apartments are excluded from coverage." Essentially, this joint motion is a motion establishing that the Plaintiff is entitled to a declaratory judgment.

As noted above, the Court has set aside the entry of default as to Defendant the Estate of India Williams. Because the outcome of this joint motion will inevitably affect the rights of the Estate, the Court will give the Estate, as well as other Defendants that are currently parties in this action, an opportunity to respond. If the Estate chooses to respond to the pending joint motion for final judgment, it must do so within two weeks from the date of this Order. As such, the Court currently defers ruling on Plaintiff's joint motion for final judgment.

### III. CONCLUSION

For the foregoing reasons, Defendant Estate of India Williams' Motion to Set Aside Default and Corrected Default [33] is granted. The Joint Motion for Final Judgment as to Mildred Rollins [13] is deferred until the Estate of India Williams has an opportunity to respond. The Estate has fourteen days, or until June 28, 2011, to respond to the joint motion.

SO ORDERED on this, the  14th  day of June, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**