## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPI
## EASTERN DIVISION

**METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY**                                                              **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 1:10cv224**

**ESTATE OF INDIA WILLIAMS, Deceased;
ESTATE OF JACORIAN VASSER, a Minor, Deceased;
ESTATE OF RICHARD VASSER, JR., a Minor, Deceased;
ESTATE OF KAMARION WILLIAMS, a Minor, Deceased;
ESTATE OF CASTELLA MARIA BELL, a Minor, Deceased;
ESTATE OF TA'NAYIA M. BELL, a Minor, Deceased;
ESTATE OF LEKISHIA GILLESIE, a Minor, Deceased;
ESTATE OF JAYVION L. BELL, a Minor, Deceased;
ESTATE OF SAMIYA BELL, a Minor, Deceased;
MILDRED ROLLINS**                                                       **DEFENDANTS**

## MEMORANDUM OPINION

This case arises out of a fire that occurred on December 28, 2009, at the Academy Crossing Apartments in Starkville, Mississippi. Nine individuals died during the fire. The estates of the nine deceased and the owner of the apartment complex as of the date of the fire, Mildred Rollins, are all Defendants in this action. Plaintiff asserts that a suit has been filed in the Circuit Court of Oktibbeha County, Mississippi, on behalf of the wrongful death beneficiaries against Defendant Mildred Rollins ("Defendant Rollins"), as the owner of the Academy Crossing Apartments. The circuit court complaint alleges that the fire was caused by defective electrical wiring which caused a malfunction in the electrical units and equipment in the apartments. The circuit court complaint also alleges that the apartments had no functioning smoke detectors, fire alarms, or fire extinguishers.

From May 26, 2009 through May 26, 2010, Defendant Rollins had in effect a homeowner's insurance policy with the Plaintiff. Plaintiff initiated this action for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 on September 15, 2010, asserting that Defendant Rollins is entitled to neither defense nor indemnity under the insurance policy because all potential claims that could be asserted against Defendant Rollins arising out of the fire that occurred at the Academy Crossing Apartments are excluded from coverage.

Currently pending before the Court is Plaintiff Metropolitan Property and Casualty Company and Defendant Mildred Rollins' Joint Motion For Final Judgment as to Mildred Rollins [13]. This joint motion asserts that "Rollins admits, as is alleged in the Complaint for Declaratory Judgment, that she is not entitled to defense or indemnity under the Subject Policy because all potential claims that could be asserted against Ms. Rollins arising out of the fire that occurred at the Academy Crossing Apartments are excluded from coverage." Essentially, this joint motion is a motion establishing that the Plaintiff is entitled to a declaratory judgment. Because the outcome of this joint motion will inevitably affect the rights of the other parties to the case,[1] the Court entered an Order [36] on June 14, 2011, allowing the parties two weeks to respond, if they so desired, to the joint motion. The parties failed to respond. Thus, the Court now addresses the joint motion for final judgment.

From May 26, 2009 to May 26, 2010, Defendant Rollins had in effect a homeowner's insurance policy with Plaintiff bearing policy number 101489372-0. The homeowner's policy provided coverage for Defendant Rollins' home residence located at 129 Bowling Green Circle, Columbus, Mississippi. The fire that occurred on December 28, 2009, did not take place at Defendant Rollins' home residence. Instead, the fire occurred at the Academy Crossing

---

[1] The Court notes that many of the Defendants in this action have defaulted.

Apartments; the apartments are located in Starkville, Mississippi. Given this, Defendant Rollins entirely concedes that any claims arising from the subject fire should be excluded under the homeowner's policy. After reviewing the policy, the Court agrees that such claims should be excluded since they did not occur at the "residence premises" as defined in the policy. "Residence premises" is defined in the policy as follows:

1. a one, two, three or four family dwelling used as a private residence by you and named in the Declarations. This includes the private structures and private approaches; or

2. if your dwelling is a condominium, cooperative or leased property, the premises reserved for your exclusive occupancy and use, used as a private residence by you and named in the Declarations. This includes the private structures and private approaches if these are reserved for your exclusive occupancy and use.

This does not include any portion of a premises used for business purposes.

As can be gathered from a plain reading of the definition, "residence premises" is defined as a "private residence," and the definition specifically excludes residences used for "business purposes." Similarly, the residence actually listed in the policy is Defendant Rollins' personal residence in Columbus, Mississippi, not the apartment building located in Starkville, Mississippi. Further, the homeowner's policy also explicitly states that there is no coverage for "bodily injury or property damage arising out of or in connection with your business activities." Thus, as Defendant Rollins concedes, Plaintiff has no duty to defend or indemnify Mildred Rollins for claims resulting from the fire occurring on December 28, 2009, at the Academy Crossing Apartments in Starkville, Mississippi. The Joint Motion for Final Judgment is therefore GRANTED as to Defendant Mildred Rollins.

So ordered on this, the __7th__ day of July, 2011.


                                        **/s/   Sharion Aycock**
                                        **UNITED STATES DISTRICT JUDGE**